**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDVIN JOEL ARGUETA GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 16-71637<br><br>Agency No. A200-707-523<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Edvin Joel Argueta Gonzalez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and denying his request for voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny in part and dismiss in part the petition for review.

Argueta Gonzalez does not challenge the agency's dispositive determination that his asylum application was time-barred and that he did not establish changed or extraordinary circumstances to excuse the untimely filing. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Argueta Gonzalez's asylum claim.

The agency did not err in concluding that Argueta Gonzalez failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence

supports the agency's determination that Argueta Gonzalez otherwise failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Argueta Gonzalez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Argueta Gonzalez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Argueta Gonzalez's challenge to the BIA's use of streamlining procedures, because the BIA's final order was not a streamlined decision.

We lack jurisdiction to review the agency's discretionary denial of voluntary departure, and Argueta Gonzalez does not raise a legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court lacks jurisdiction to review discretionary denials of voluntary departure).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-71637